Oh, I'm very sorry. Also, Justice Hall will be participating in the case, but due to illness, she's not able to be here today, but she, of course, will listen to the tapes. Thank you. Good morning, Your Honor. Good morning. My name is Samuel Meshus, and I represent the Plaintiff Appellant Samuel Arndt. The central issue in this appeal is whether directors, officers, and controlling shareholders of closely held corporations continue to have fiduciary duties to truthfully account to minority shareholders with whom they are involved in adversarial litigation. This case arose out of a false representation made to the Plaintiff Appellant Samuel Arndt by the defendant's appellees, Nicholas Nardulli and Diana Johnson, who at the time were both directors, officers, and in Mr. Nardulli's case, the controlling shareholder of Red Hawk Financial Services Corporation, a closely held corporation then owned by all three parties to this case. The false representation was that Red Hawk had no profit when, in fact, Red Hawk had a substantial profit. Nardulli and Johnson made that representation during settlement negotiations prior litigation between the parties in order to induce Arndt to transfer his shares of Red Hawk to Nardulli for no monetary consideration, and also in order to induce Mr. Arndt to release Nardulli and Johnson from his claims against them in the prior litigation. Within one month after Nardulli and Johnson represented that Red Hawk had no profit, Arndt received a scheduled K-1 form showing that Red Hawk, in fact, had a profit of over $160,000 for the year that ended less than three weeks before the false representation was made. And as Red Hawk is a Subchapter S corporation, Mr. Arndt was responsible for the payment of taxes on 49 percent of that profit. Through his second amended complaint in this action, Arndt sought relief for Nardulli and Johnson's breach of their fiduciary duties to accurately account to him for Red Hawk's profit, that's count one of the second amended complaint, and Nardulli and Johnson's fraud in affirmatively misrepresenting that Red Hawk had no profit when, in fact, it had a profit of $161,000. Nardulli and Johnson moved to dismiss both counts of the second amended complaint pursuant to Section 2619, arguing that the release and a non-reliance clause of the settlement agreement were affirmative matters that barred Arndt's claims. Arndt responded by arguing that because Nardulli and Johnson owed him fiduciary duties of full disclosure at the time that they were negotiating the terms of the settlement agreement and breached those duties by falsely representing that Red Hawk had no profit, the release and non-reliance clause are voidable. And that position is supported by decisions of this Court, including Ricker v. Scheer, Thornwood v. Jenner and Block, and Golden v. McDermott, Mill and Emery. In all of those cases, this Court held that shareholders or partners who were involved in negotiating the terms of their separation through the purchase by one of the shareholders or partners of the other's shares continued to owe duties of full disclosure to each other, fiduciary duties. Nardulli and Johnson attempted to distinguish those cases by arguing that because the parties in this case were involved in adversarial litigation and were represented by separate counsel at the time of the settlement negotiations, that all of Nardulli and Johnson's fiduciary duties had terminated. The trial court agreed with Nardulli and Johnson's position. However, Nardulli and Johnson's position that there is an exception to the general rule that shareholders involved in separation negotiations continue to owe fiduciary duties to each other. Nardulli and Johnson are arguing for an exception to that rule when those separation negotiations take place during adversarial litigation. Their exception that they're arguing for is not supported by any other case that I have seen. And I submit that the adoption of the exception that they urge would be very overbearing. Does Hamilton not support their position? I don't believe that Hamilton supports their position. For one thing, Hamilton actually expressly, in reciting the law on fiduciary duties, expressly stated that the only fiduciary duties that continue after dissolution are the duties to account. An extra quote from Hamilton. What the Hamilton quote actually said was, dissolution of the partnership ends the fiduciary relationship except for the purposes of accounting or winding up of the partnership's affairs. And what we have here is a breach of the duty to account. So I don't believe that Hamilton supports their position. I'd also note that Hamilton didn't address the issue, didn't stand for the proposition that they claim it stands for. In Hamilton, the court found that a letter of intent severed a partnership between the partners. That letter of intent happened to have taken place during litigation, but Hamilton didn't find that the letter of intent itself, that the litigation itself is what severed the relationship, which is what the defendant's appellees are arguing for. Hamilton found that the letter of intent to dissolve the partnership is what severed it, but that position has not been adopted by subsequent decisions of this Court, including the cases I cited, Golden v. McDermott, Will and Emery, Thornwood v. Jenner and Brock, and Wickler v. Scherer, all of which were more recent decisions than Hamilton. And in all those cases, the courts held that separation did not terminate the, or the decision to separate did not terminate fiduciary duties. Did not terminate all fiduciary duties or just the ones as to the accounting? Golden specifically spoke about accounting. In Thornwood and Wickler, the fiduciary duties were duties of full disclosure. Thornwood involved a case where one of the partners failed to disclose that he was secretly negotiating a deal involving a partnership that owned a golf course, and one of the partners refused to disclose that he was secretly negotiating with the PGA, a deal that would have made the partnership much more valuable. In Wickler v. Scherer, one of the shareholders failed to disclose that there was an outstanding loan to his mother-in-law. So in both those cases, the fiduciary duties actually went further than just to account. It was the fiduciary duty of full disclosure. But again, in this case, what we're dealing with is the fiduciary duty to account. So even under Hamilton and Golden, that duty still existed. So your argument, even though you're not seeking rescission of the settlement agreement as a whole, if I understand this, this is a 2619 motion, and the argument was that the release and the non-reliance clause prevented you from staining or preventing you from bringing your fraud and your breach of fiduciary action. And then your response was it's voidable. Those parts of the agreement are voidable because of a breach of fiduciary duty. If we agree with you that it's voidable, does that say both counts of your complaint? Yes, it does, because those were the affirmative matters that led to the dismissal of both counts. So I believe it does state both counts. One thing I would like to point out, though, is that, well, you asked me about the release or the non-reliance clause or both. Well, both. Aren't you saying both are? Yes, we are saying both are voidable. And the release and non-reliance clause were the affirmative matters that barred both counts of the complaint. So, yes, we believe both counts should stand if the release and non-reliance clause are voidable. I would point out that if the court did find that the release is voidable but not the non-reliance clause, that the non-reliance clause only voids Count 2, the fraud count, not Count 1, the breach of fiduciary duty count. And that's because the non-reliance clause, the real effect, as you are well aware, is to negate the justifiable reliance element of a fraud count. And it's justifiable reliance, while an element of a fraud claim is not an element of a breach of fiduciary duty claim, if you do hold that the non-reliance clause is still enforceable but not the release, the non-reliance clause only bars Count 2 and not Count 1. Okay. But the cases that you're relying on deal with the non-reliance. Yes. We believe both are voidable. Well, the cases I cited earlier, Wickler v. Scheer, Thornburg v. Jenner and Block, and Golder v. McDermott, Will and Emery, deal with releases. Other cases that we cited included the case of Conn v. BDO's 5N LLP, deal with non-reliance clause and hold that there's a fiduciary relationship and material facts are withheld, that a non-reliance clause is voidable as well. And, again, the exception, the defendants' appellees are requesting an exception to the general rule that fiduciary duties continue during separation negotiations. And I submit that the exception that they're urging upon the court, which, again, we believe is not supported by Illinois case law and would be basically a new rule, would be very ill-advised. If the dispute between shareholders has deteriorated to the point of litigation, the likelihood of dishonest conduct is greater than it was when the parties were working together and getting along. It's at this point that the need for judicially required fiduciary duties is most needed. It is not when they should be eliminated. That sounds so wonderful. Is that a quote out of a case I just love? Well, I would like to quote from the McDermott, Will and Emory case, which similarly says, the need to prevent a fiduciary from taking advantage of the dislocation attendant upon the ending of a confidential relationship requires that fiduciary principles be observed so long as the relationship continues. And I believe that that rationale applies whether or not the parties are involved in adversary litigation. And we believe that a rule that provides that fiduciary duties disappear when the parties commence adversary litigation would have the unfortunate effect of reducing the protections that current law provides to minority shareholders. Minority shareholders who have been damaged by a controlling shareholder's breach of their fiduciary duties and wish to file suit would have to accept that the controlling shareholder would be excused of all further fiduciary duties if the minority shareholder exercised his or her right to file suit. So you're saying that the filing of suit does not create, does not terminate the fiduciary duties? Yes, that's what we're saying. How does that, if we go back to Golden case, they talk about, they define dissolution. Does that, does your argument kind of go contrary to that? It says dissolution can be affected by the express will of any party even in contravention of the partnership agreement. Doesn't the suit, doesn't the litigation among all these parties sort of signal the end of the, well, it's not a partnership, but the? Well, I don't think the filing of suit by itself signifies the end of a relationship. I mean, there are certainly cases where parties file suit and continue their relationship. So I don't believe that the filing of suit should sever the relationship. It means that there is a dissolution of the relationship and the fiduciary duties. But again, Golden held that after the dissolution, regardless of what causes the dissolution, the fiduciary duties, at least the duties to truthfully account, continue. And that is what your case is turning at. Yes, yes. But again, in the other cases that we've studied, too, Thornberry v. Jenner and Block and Whitworth v. Scheer, hold that even after there's been a decision to separate, fiduciary duties do continue. And those aren't just limited to the duty to account. And I believe that those are more recent decisions of this Court. And I believe the reasoning of those cases is very sound, that while the parties are in the process of separating, that's a time where they really do owe, continue, should continue to owe duties to be truthful and honest with each other. And therefore, this decision to separate should not mean an end to fiduciary relationships. With regard to the release, as I mentioned, it's Whitworth v. Scheer, Thornberry v. Jenner and Block. And this Court held that where a fiduciary failed to disclose material information while negotiating the terms of a separation agreement, that included a release, the release is voidable. He and O'Grady and Johnson did much more than fail to disclose material information. They actually affirmatively falsely represented that the corporation had no profit when, in fact, it had a substantial profit. Therefore, if the releases in those cases were held to be voidable, the release in this case should certainly be voidable as well. And with regard to the non-reliance clause, like the release, the fact that Julian and Johnson breached their fiduciary duties of full disclosure in inducing when they are to enter into the settlement agreement that contains the non-reliance clause also renders the non-reliance clause voidable. And again, we started the case of Conn v. BDO-7-LLP, which the Court held that where a fiduciary relationship exists, if a party fails to disclose material facts, a non-reliance clause is voidable. Now, Conn was decided by the Illinois Appellate Court prior to New York law, but the Conn Court made clear that New York law provides useful guidance in the area of fiduciary duties and that New York law in this area was not contrary to Illinois public policy. Additionally, the rule in Conn is consistent with the rule in Illinois stated by this Court in cases like ICD Publications v. Gitlitz, that where a fiduciary relationship is involved, the burden of full disclosure is on the fiduciary, and a fiduciary may not avoid that burden by claiming that the other party's reliance on its statements or concealments was not justified. Thank you. I'd like to reserve the rest of my time for rebuttal. Thank you. Thank you. Thank you, Counsel. Senator Sam Hill on behalf of the defendants. There are two causes of action here, which have been touched on in the argument, based on the same operative facts. There's one set of operative facts. There's an allegation that during the course of the settlement negotiations, a false statement was made and the plaintiff, Mr. Arndt, relied on that. From that one set of operative facts, there are two causes of action. But going back to what that allegation is, it's a failure to disclose. Counsel has couched it as a failure to account because I think he wants to take advantage of the Golden case, but this is not a failure to account. This is an allegation that there was a failure to disclose or actually affirmatively misrepresent something before the settlement agreement was entered into. There are two causes of action here. The first is fraudulent inducement, which is actually count two. And then the second is, I believe, constructive fraud based on a breach of fiduciary duty claim that he relied on the statement and, again, he then executed it in reliance on that. But with respect to count two, I believe the Benson and the Tirapelli and the Brewer cases all are very clear that the non-reliance clause in the settlement agreement removes that count from consideration here. There is no reliance because the plaintiff affirmatively represented he was not relying on it. And without going through the courts of those cases, I think at least with respect to count two, there should be no issue that that count should be affirmed. But if there's an allegation of a breach of fiduciary duty, which would cause the non-reliance clause to become voidable, how does that not work? That would be count one, I believe. But if in finding it's voidable in that count, how does it not work to defeat your affirmative defense in the other count? The question is whether or not Illinois has ever decided that. Is there an Illinois case out there right now that says in the face of a fiduciary duty, does a non-reliance clause become unenforceable? Is it no longer valid? And there is no case that holds that in Illinois. The cases that the plaintiff has cited, the Gitlitz case, the Culp case, the Thornwood, the Bruce Holden case, they don't make any reference to a non-reliance clause or the interplay between a claim for a fraud based on a breach of fiduciary duty and a non-reliance clause. The only case that possibly might discuss that is the Kahn case, which was decided under New York law. And they noted there that the non-reliance clause would be effective. It would be effective. If even though the parties had a fiduciary relationship, they were involved in an arms-length business transaction. That's completely factually different than what we have here. Which really leads to the second argument I'd like to make, which is that even if this court were to hold, which again, I don't believe there's any case law that holds this, if this court were to hold that the settlement agreement's non-reliance clause is not effective to bar a constructive fraud claim, a breach of fiduciary duty claim, the facts set forth in the complaint and the settlement agreement still show there was no fiduciary duty here. As demonstrated by the complaint and the settlement agreement, Red Hawk, which was the corporation in which the individuals were all shareholders, first sued Arndt for breach of fiduciary duty. Then Arndt filed a counterclaim against Red Hawk and filed another complaint against my clients, Nordudi and Johnson, for breach of fiduciary duty and accounting. That litigation went on for more than two years. It wasn't simply the filing of a complaint. It was adversarial litigation that went on for two years, which both parties were represented by their own counsel, and everyone was accusing everybody else of wrongdoing, including breach of fiduciary duty. The lawsuits were filed in 2012, towards, I think, September, somewhere in there. Finally, at the beginning of 2015, they executed a settlement agreement to end the parties' relationship, and the lawsuits all concerned the end of the relationship. They wanted to no longer be shareholders with each other in this corporation. Through that settlement agreement, Arndt agreed to end his ownership in Red Hawk, end his business relationship with my clients, and transfer his shares in Red Hawk to one of my two clients, Mr. Nordudi. The complaint and the settlement agreement make three things clear. Parties were in adversarial litigation regarding their duties to each other with respect to the operation of the corporation. The parties were represented by separate counsel. The parties, through their counsel, negotiated to end their relationship. The Hamilton case, and then the O'Connor case, hold that when the shareholders have entered into an arm's-length transaction to effect the dissolution of their relationship, there is no fiduciary relationship as a matter of law, and they don't owe each other fiduciary duties in settlement negotiations leading up to the execution of the settlement agreement. So I think that case clearly says there was no fiduciary relationship here based on what's been alleged in the complaint and what's contained in the settlement agreement. The Sirazi case holds that partners in an adversarial relationship regarding the buyout of one of their partners does not owe a fiduciary relationship to the other one. The Kolke case, I said, decided by this court, held that when former fiduciaries, in this case an attorney and a client, engaged in litigation and they were each represented by counsel, they're no longer fiduciaries when they're negotiating the settlement agreement. Because the complaint and the settlement agreement alleged this adversarial litigation, the representation by counsel, and the arm's-length negotiation to end their relationship, Mr. Arndt's claim for breach of fiduciary duty fails as a matter of law because no fiduciary duty existed. And each of the cases that Mr. Arndt cited are distinguishable. In the Gitlis case, the Levy case, the Kolke case, and the Thornwood case, there was no litigation, there was no counsel, there was no arm's-length transaction to end the relationship. And in none of those cases was there, again, the interplay with a non-reliance clause. In the Golden case, there was a negotiation to end the party's relationship, but there was no adversarial litigation, let alone a litigation that had gone on for two years, and there was no non-reliance clause. Even in the Kahn case, there was no adversarial litigation, no separate counsel, and no arm's-length transaction. In the Kahn case, these were people who were looking to invest in a security, and they were beginning a relationship with a person and entering into an ongoing relationship. Here we have the end of a relationship. So even if this Court were to determine that a non-reliance clause is ineffective when the parties are in a fiduciary relationship, it's plain that the parties were not in a fiduciary relationship here because of the two-plus years of litigation, representation by counsel, and the arm's-length negotiation to end the party's relationship. From a policy standpoint, to say that shareholders who are suing each other, claiming that each is breaching their fiduciary duties, they're involved in litigation, they're represented by counsel to negotiate the end of their relationship. To say that those parties continue to owe each other a fiduciary duty during the course of litigation, I think would impose an impossible burden on each side because there would never be an arm's-length transaction. Why would anyone in litigation ever need an attorney for shareholder litigation if there was an ongoing fiduciary duty that continued throughout the entire litigation? That would give anyone the ability later on to say, oh, even though I had the access to discovery, even though I had my own attorney, I should have known this and you didn't tell me this, or you lied about this. Really, in this case, you lied about this. That non-reliance clause, when coupled with the factual stance of this case, shows that there was no fiduciary duty here, and therefore it doesn't really matter whether or not the fiduciary duty has some interplay or has the ability to negate a non-reliance clause because there was no fiduciary duty here. And when you say there was no fiduciary duty, you're talking at the exact moment when the misrepresentation was said to have taken place. They were still all shareholders at that time, correct? They were. They were. And don't shareholders in such a setting as this owe fiduciary duties to each other? Not under the Hamilton case. Not when they are in an arms-length negotiation after two years of litigation represented by their own counsel to end their relationship. The appellant says Hamilton doesn't prevent us from finding that the non-reliance clause is voidable. You disagree with that. What I'm saying is under Hamilton, there was no fiduciary duty here. Hamilton says there was no fiduciary duty. Counsel has assumed that there is. And assuming there was a fiduciary duty, the question, which to my knowledge has not been decided under Illinois law, is if there was a fiduciary duty, does that non-reliance clause prevent that claim? No case in Illinois has decided that issue. But the Hamilton case has decided there is no fiduciary duty when we are in this situation. Thank you. She was saying there's no case that holds. I don't believe there is any case in Illinois that holds. I was unable to find one, and I don't think counsel cited one either. There's no case in Illinois where the plaintiff is alleging he was fraudulently induced to sign a settlement agreement that contained a non-reliance clause, and he's alleging that the parties owe each other a fiduciary duty, and that fiduciary duty should negate the non-reliance clause. There are cases that talk all around that issue, but none of them have decided that. And the cases that have talked about it have said either there is no fiduciary duty or, like the cases I cited, the non-reliance clause under Benson-Tirapelli in the Greer case, it automatically bars that claim because it removes an element of the claim. It removes reliance. I lost you at that last part. It's sort of my argument as to why count two for just plain fraudulent inducement, why the dismissal should be affirmed. Under the Benson case, the Tirapelli case, and the Greer case, they all hold that a plaintiff cannot be allowed to argue that he relied to his detriment, like the plaintiff did here, on an allegedly fraudulent statement made before the execution of the settlement agreement when he's affirmatively stated in the settlement agreement that he didn't rely on any such statement. So that non-reliance clause under those several cases automatically bars a claim for fraudulent inducement. The real question is whether or not fiduciary duty somehow has an effect on that. Okay, now I'm with you. So you would be of the mind that if we found the non-reliance clause was voidable because there exists a fiduciary duty, it would only impact count one? Count two. Count two is the fraudulent inducement. Yes, I think count two should still remain affirmed if you found that. How does that work, though, if we find that the non-reliance clause is voidable? Do we close our eyes to that in count two? It's the same operative facts, it's just a different cause of action. That cause of action, he's alleged that in count one. He gets the same relief. He gets everything he needs in count one if you allow that to survive because he's alleged in count one that the fiduciary duty existed. I'm sorry. I'm just, there's a difference between fraudulent inducement because you, well, there's a difference in the reliance. In the fraud case, you have to have reliance in the breach of fiduciary release. Yeah, in the breach of fiduciary, you have to have detrimental reliance, not. Yeah, but my only point is that if you're finding it voidable under a breach of fiduciary count, and I don't see how it doesn't work in the other, then you found it's voidable, and so how can you say that that voidable non-reliance clause prevents the fraud action? I understand the argument, I think I'm looking at it more discreetly, that that cause of action would exist, that count one would exist under what you're saying. Although I would raise the point that Justice Lampkin, Judge Lampkin raised, which is there does still need to be, even in the breach of fiduciary duty case here, the constructive fraud, there does need to be a detrimental reliance. And I think that the Benson and the Tiripati case and the Greer case still operate to prevent this claim because there is no detrimental reliance, even in the breach of fiduciary duty case, because they've represented that they did not rely on that. So I think it actually defeats both counts. If it's not voidable. I'm not very circular, and I don't mean to, you know. No, I understand. Okay. Thank you. So is there a case that supports your position? There is no case that I've seen that's dealt with this exact fact pattern of a settlement agreement where fraudulent representation was made. As I've cited the cases where there were separation negotiations and information was withheld or false statements were made during those separation negotiations. There's no case that supports the defendant's position that because these separation negotiations occur during litigation, that that somehow takes it out of the general rule that state that their fiduciary duties continue during separation negotiations. So there's no case that supports that position either. So what they're asking is to, I believe, create an exception to the general rule that if the separation negotiations occur during settlement negotiations and litigation, that somehow the general rule doesn't apply because of the litigation. And there's no case that supports that. And for the reasons I discussed earlier, I believe that that rule, they're basically asking this court to adopt a new exception that I believe, for the reasons I stated earlier, would be ill-advised. There certainly are cases, though, that hold that fiduciary duties continue during litigation. And one case is the Hatchinas v. Gaylord case that we cited in our brief, where a 50 percent shareholder left the corporation, filed a complaint for dissolution, so similar to the facts here where there was an argument that the litigation, the purpose of the litigation was to end the relationship, and then went and formed a competing business. And the court held that that was a breach of fiduciary duties because the fiduciary duties continued during the litigation. And that was a much more stringent fiduciary duty. That was a duty to not compete, to refrain from working in his chosen profession. The only duty that's involved here is the duty to account, which is a much, or the duty, to be honest, in negotiations, which is a much less burdensome duty than the duty that the court held in Hatchinas continued to exist during litigation. I'd also like to address the point that Mr. Herod made, where he said that we're trying to characterize it as a failure to account, but it's really a failure to disclose. It certainly is a failure to disclose, but it also is a failure to account, because what they failed to disclose was the profit of the corporation, and that's the essence of an accounting, what the income is, what the expenses are, ultimately leading to what the profit is. So by failing to accurately represent the profit, and the letter where that statement was made references that there are numerous expenses, state what some of those expenses are, and say because of that there was no profit. So it certainly involved a duty to, a breach of the duty to accurately account as well. Mr. Herod said of the Benson, Tipperary, and Greer cases, again, none of those cases involved fiduciary duties. Those were all cases that did not involve fiduciary duties, and these still aren't applicable to this case here. It was interesting at one point that Mr. Herod mentioned was that his clients, or the corporation read up, sued my client for breach of fiduciary duty, and continued to prosecute a breach of fiduciary duty claim throughout the case, which is, to me, an acknowledgment that all the parties had fiduciary duties to each other, because they were all shareholders in a closely held corporation. Mr. Herod said of the- That dealt with actions that took place before the litigation began. I don't know that they continue to assert that position. Does it mean that they're agreeing that fiduciary duties continue to exist? That's a point well taken. Mr. Herod said of the O'Connor and Surazi cases, which were Federal District Court cases that weren't reported in the Federal Reporter and are not, of course, binding on this Court, he said of the Coakley case, which involved a very different situation, because the question was, in that case, was when an attorney's relationship- whether an attorney had a continuing fiduciary relationship with the client and when that relationship ended, and whether the fact that a formal order of withdrawal in prior litigation had been entered or not, and the Court found that because, regardless of whether a formal withdrawal order had been entered, the defendant-it was clear that the attorney had not continued to represent the client, so that there was no fiduciary duty. Very different fact situation than here. Mr. Herod says it would be an impossible burden if fiduciary duties continued during litigation, and I strongly disagree with that. I don't see why the fact that there's litigation involved and that the parties have the assistance of counsel means it would be impossible for them to continue to deal with each other openly and honestly. I don't think the fact that people have attorneys assisting them should in any way diminish their duties to continue to deal with each other honestly. And I guess I strongly disagree with the characterization that that would be an impossible burden to continue fiduciary duties. He also mentions that detrimental reliance is- or claims of detrimental reliance is an element of a breach of fiduciary duty claim. And I just think Mr. Herod is confusing the ideas of detrimental reliance and justifiable reliance. Certainly, we've alleged that Mr. Bedarn detrimentally relied on these statements. He transferred his shares as a result of his reliance on the statements and released the defendants. Detrimental reliance is not the same thing as justifiable reliance. Justifiable reliance, in cases not involving a fiduciary duty, a non-reliance clause can be a defense to the justifiable reliance element because it says why were you not justified if you stated you didn't rely on statements. But that's very different than detrimental reliance. And justifiable reliance is not an element of either a breach of fiduciary duty or constructive fraud claim. The courts deal with constructive fraud and breach of fiduciary in the same way. Breach of fiduciary duty is considered a type of constructive fraud and the elements of breach of fiduciary duty and constructive fraud are the same, namely a duty, a breach of that duty, and damages. In one of the cases we cited in our brief, Kovach v. Bedarn, which was a case that analyzed a breach of fiduciary duty claim played as constructive fraud, cited those elements. And justifiable reliance is not an element of a breach of fiduciary duty claim or a constructive fraud claim. So the fact that even if this Court did uphold the non-reliance clause, the non-reliance clause is only a defense to count to the fraud count. It's not a defense to count one. So for all those reasons, we'd ask that the decision of the trial court be reversed and remanded. Thank you. Thank you both. The case will be taken under advisement.